No. 21407.

ZANE SIMMERS *v*. JACK RAYMOND KIEFFER.
(426 P.2d 188)

Decided April 10, 1967.

RAYMOND DUITCH, for plaintiff in error.

DONALD E. LAMORA, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

THE action was commenced by Zane Simmers who alleged in his complaint that he suffered personal injuries proximately caused by the negligence of Jack Raymond Kieffer the driver of an automobile in which Simmers was a passenger. The accident occurred in Colorado Springs on November 4, 1961, at a street intersection where the car driven by Kieffer was involved in a collision with another automobile driven by one Robert R. Yount who is not made a party to the action. The defendant Kieffer denied the negligence attributed to him and pleaded the Colorado Guest Statute, C.R.S. 1963, 13-9-1 et seq.

At the conclusion of the evidence offered by the plaintiff the trial court, on motion of defendant's counsel, dismissed the action on the ground that there was no evidence justfying the submission of the case to the jury on the issue of negligence on the part of Kieffer. It is argued in this court that even though we should find some evidence of simple negligence warranting consideration by the jury, then "Plaintiff's action was barred by the terms and provisions" of the guest statute.

The full record has been examined and we find nothing therein which would justify a finding by the jury that any negligence of Kieffer was shown. A police officer who arrived at the scene of the accident shortly after it occurred testified that the automobile driven by Kieffer had proceeded 73 feet across a 90 foot wide street prior to the impact; that the driver of the other vehicle involved in the accident left extensive skid marks indicating a speed in excess of that authorized under local law; and that there was no evidence of excessive speed on the part of Kieffer who asserted that he had stopped at the "Stop" sign before entering the intersection. The plaintiff Simmers testified that defendant was a careful driver and at the time and place of the accident he was not driving in a reckless or careless manner and was doing a "good job."

The court did not err in dismissing the action on the

342

ground that no negligence on the part of the defendant was shown.

The judgment is affirmed.

Mr. Justice McWilliams, Mr. Justice Pringle and Mr. Justice Kelley concur.